TUGENDHAFT v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. March 3, 1920.)

No. 3301.

1. INDICTMENT AND INFORMATION &#9758;125(19, 43)—NO DUPLICITY WHERE DIFFERENT MODES AND PROPERTY ARE SPECIFIED.

An indictment under Bankruptcy Act, § 29b (Comp. St. § 9613), charging a bankrupt with having knowingly and fraudulently concealed property from his trustee, *held* not bad for duplicity, because it specified different kinds of property and different modes of concealment.

2. BANKRUPTCY &#9758;485—CONCEALING PROPERTY CRIMINAL, WHETHER BANKRUPTCY VOLUNTARY OR INVOLUNTARY.

As respects bankrupt's guilt of having knowingly and fraudulently concealed, while a bankrupt, certain property from his trustee, it was immaterial whether his bankruptcy was voluntary or involuntary.

In Error to the District Court of the United States for the Eastern District of Louisiana; Rufus E. Foster, Judge.

Criminal prosecution by the United States against Charles Tugendhaft. Judgment of conviction, and defendant brings error. Affirmed.

Louis Henry Burns, of New Orleans, La., for plaintiff in error.

Henry Mooney, U. S. Atty., and Nicholas Callan, Asst. U. S. Atty., both of New Orleans, La.

&#9758;For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Before WALKER, Circuit Judge, and GRUBB and CALL, District Judges.

WALKER, Circuit Judge. The indictment in this case contained only one count. It made allegations to the following effect:

On October 23, 1915, an involuntary petition in bankruptcy was filed against the plaintiff in error, Charles Tugendhaft; he filed an answer to that petition, in which he declared his willingness and desire to be adjudged a bankrupt; thereafter, on December 9, 1915, he was adjudged bankrupt pursuant to the prayer of the petition; and on December 27, 1915, Edward Pilsbury was elected trustee of the bankrupt estate, and on the same day gave bond and duly qualified as such trustee. Immediately following the above-mentioned allegations the indictment charged that—

"The said Charles Tugendhaft then and there and continuously thereafter unlawfully, willfully, feloniously, knowingly, and fraudulently concealed, while a bankrupt, from said Edward Pilsbury, his trustee, certain property belonging to his estate in bankruptcy, to wit:" One hundred dollars in cash and sundry articles of furniture, an itemized list of which was set out.

It was averred that the sum of money mentioned was concealed by the defendant retaining the same in his possession and under his control, and the manner and the places in which the furniture mentioned was concealed were alleged. The indictment was demurred to on the ground that it was bad for duplicity, in that several and distinct acts, purporting to be separate and distinct offenses, were charged in one count. The demurrer was overruled.

[1] We are not of opinion that the indictment was subject to objection on the above-mentioned ground. In the charging part of the indictment the language of the statute was used. Bankruptcy Act, § 29 (Comp. St. § 9613). What was charged was a single continuous concealment; the several acts set out being disclosed as component parts of one transaction. As the conduct charged constituted but a single offense, the indictment is not duplicitous.

[2] In the part of the court's charge dealing with what was required to be found to support a verdict of guilty, the following statement was made:

"Now it is immaterial whether he is in voluntary or involuntary bankruptcy."

This statement was excepted to, and the making of it is assigned as error. The statute makes it a criminal offense for one knowingly and fraudulently to conceal while a bankrupt from his trustee any part of the property belonging to his estate in bankruptcy. Concealment in anticipation of bankruptcy was not charged, and is not a criminal offense. To support the charge made it is necessary to prove concealment after bankruptcy. If, after bankruptcy, the bankrupt does what the statute denounces, criminality attaches, whether the bankruptcy was voluntary or involuntary. The legal consequences of a concealment after bankruptcy being the same, whether the bankruptcy

was of the one kind or the other, the court was not in error in making the above-quoted statement.

The record does not show the commission of any reversible error. The judgment is affirmed.